UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **WILMA JONES** | **CIVIL ACTION NO. 12-2029** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ARCH INSURANCE CO., ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 27] filed by Defendants Arch Insurance Co. and Dollar Tree Stores, Inc. (collectively "Defendants"). For the following reasons, the motion is DENIED.

I.   FACTUAL AND PROCEDURAL HISTORY

This case arises out of an alleged trip and fall accident inside the West Monroe, Louisiana Dollar Tree store. Plaintiff Wilma Jones ("Ms. Jones") alleges that, on July 6, 2011, she sustained injuries after tripping over a low shelf on an end cap display near the checkout counter and falling to the ground.

Ms. Jones visited the Dollar Tree store around 9:00 a.m. Several Dollar Tree employees were present at the time of the accident, including Peggy Ford, District Manager; Jessica Arnold, Acting Store Manager; Daisy Headley; and Miranda Day. The store opened at 8:00 a.m., and Jessica Arnold performed the store walk-around prior to Ms. Jones' accident. The store walk-around is one of the daily duties of the store manager and is done to determine tasks to be completed and to identify possible safety hazards.

Ms. Jones entered the store, located the plastic bowls and spoons she intended to purchase, and proceeded to the checkout counter with her merchandise. Near the checkout

counter, there was an end cap display with a low shelf approximately six inches from the floor. As Ms. Jones walked around the end cap display and turned towards the cashier, she tripped over the low shelf and fell. Ms. Jones suffered injuries to her neck, back, shoulders, knees and other areas of her body. She underwent back surgery and was hospitalized on two separate occasions for a total of sixteen (16) days.

On June 14, 2012, Ms. Jones filed suit in the Fourth Judicial District Court, Parish of Ouachita, against Defendants for negligence, alleging, among other things, that the low shelf on the end cap display caused an unsafe condition that Defendants failed to adequately warn against and that the shelf also created an unreasonable risk of harm.

On July 27, 2012, Defendants removed the case to this Court on the basis of diversity jurisdiction [Doc. No. 1]. On February 28, 2013, Defendants filed a Motion for Summary Judgment asserting that the low shelf on the end cap display was open and obvious and, thus, did not create an unreasonably dangerous condition. [Doc. No. 27]. On April 26, 2013, Ms. Jones filed a Memorandum in Opposition to Defendants' Motion for Summary Judgment [Doc. No. 34]. Defendants filed a Supplemental Memorandum in Support of Motion for Summary Judgment on August 19, 2013 [Doc. No. 43], and Ms. Jones filed a Reply to Defendant's Supplemental Memorandum in Support of Motion for Summary Judgment on September 13, 2013 [Doc. No. 44].

II. LAW AND ANALYSIS

    A. **Summary Judgment**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED.

R. C<small>IV</small>. P. 56(a). The moving party bears the initial burden of informing the court of the basis for its motion by identifying portions of the record which highlight the absence of genuine issues of material fact. *Topalian v. Ehrmann*, 954 F.2d 1125, 1132 (5th Cir. 1992). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.*, 19 F.3d 1017, 1023 (5th Cir. 1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255.

  **B.**   **Louisiana Merchant Liability Statute**

Louisiana's merchant liability statute, Louisiana Revised Statute 9:2800.6, governs the "trip and fall" claim in this case. *See Attaway v. Albertson's Inc.*, 174 Fed. App'x 240, 242 (5th Cir. 2006). The statute provides:

> A.  A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B.  In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as

> a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care.

LA. REV. STAT. § 9:2800.6(B); *Cates v. Dillard Dep't Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010). Failure to prove any of the requirements of the above statute will prove fatal to a plaintiff's case. *Richardson v. Louisiana–1 Gaming*, 10–262 (La. App. 5 Cir. 12/14/10); 55 So.3d 893, 895 (citing *Harrison v. Horseshoe Entertainment*, 36,294 (La. App. 2 Cir. 8/14/02), 823 So.2d 1124).

### 1. Unreasonable risk of harm

In assessing whether a condition creates an unreasonable risk of harm, courts in Louisiana apply a four part risk-utility balancing test. This test requires consideration of: (1) the utility of the condition; (2) the likelihood and magnitude of the harm, which includes the obviousness and apparentness of the condition; (3) the costs of preventing the harm; and (4) the nature of plaintiff's activities in terms of social utility, or whether it is dangerous by nature. *Dowdy v. City of Monroe*, 49,693 (La. App. 2 Cir. 11/2/11) 78 So.3d 791.

### a.     Utility of the shelf display

The parties do not devote much time to discussing the utility of the low shelf on the end cap display; however, Ms. Jones concedes that such a shelf does serve a societal function and "has some minimum utility." Merchants, after all, need some mode of displaying their goods to customers. Thus, this factor modestly advises against a finding of a genuine dispute of material fact as to unreasonable danger.

### b.     Likelihood and magnitude of harm

Turning to the second factor, the parties devote much of their argument to whether the condition was open and obvious to store customers. This factor also indicates whether the risk was "reasonably foreseeable" under § 9:2800.6(B)(1). In Louisiana, it is well settled that a condition which is open and obvious is not unreasonably dangerous, and a merchant has no duty to protect against it. *See Taylor v. Wal-Mart Stores, Inc.*, Case No. 05-1346, 2006 WL 1476031, *2 (W.D. La. 2006); *Reed v. Home Depot, Inc.*, 37,000 (La. App. 2 Cir. 4/9/03) 843 So. 2d 588, 590. The Court notes, however, that this factor is not dispositive: "the open and obvious nature of the [hazard] is merely another factor to be weighed in the risk-utility balance." *Joseph v. City of New Orleans*, 2002-1996 (La. App. 4 Cir. 3/5/08); 842 So.2d 420, 424.

Defendants rely on three main cases to show that the low shelf was open and obvious and did not present an unreasonable risk of harm. First, they cite *Watts v. Scottsdale Ins. Co.*, 45,397 (La. App. 2 Cir. 6/30/10), 43 So. 3d 266, 269, a case in which a Country Place Restaurant patron tripped on a metal strip lining a flower bed. On appeal, the Louisiana Second Circuit affirmed the trial court's judgment that the metal strip was obvious and apparent because the plaintiff "admitted that she had [previously] seen the metal border that caused her to trip," and the

plaintiff "did not state that anything obstructed her view on the day that she fell." *Id*. at 269. However, there are clear differences between *Watts* and this case. Notably, the trial court in *Watts* conducted a trial; this Court is ruling on a motion for summary judgment. Here, Ms. Jones testified in her deposition that she was unaware of the low shelf on the end cap display prior to her fall and had "trouble seeing those bottom shelves on that end cap [display]." [Doc. No. 27-4, pp. 28, 34 Depo. Wilma Jones].

Second, Defendants rely on *Fluence v. Marshall Bros. Lincoln-Mercury Inc.*, 10-482 (La. App. 5 Cir. 11/23/10), 54 So. 3d 711, 712, a case in which a contractor fell into a ditch he was hired to lay asphalt around. On appeal, the Louisiana Fifth Circuit affirmed a trial court's granting of the defendant's motion for summary judgment because the plaintiff "knew [they] were there to lay asphalt around the new drainage system, and he had seen the hole earlier that day, so he was aware the hole was there." *Id*. *Fluence* is also distinguishable from the present case because Ms. Jones denied awareness of the low shelf prior to her fall.

Finally, Defendants analogize this case to *Handy v. City of Kenner*, 12-135 (La. App. 5 Cir. 6/28/12), 97 So. 3d 539, 542, a case in which the Louisiana Fifth Circuit affirmed the district court's judgment barring a portion of plaintiff's expert witness's testimony and finding that a low hanging stairwell was open and obvious. There, the addition of the expert witness's testimony about building code violations was unlikely to "prov[e] the existence of an unreasonable risk of harm" in light of plaintiff's inconsistent testimony. In contrast, in this case, Ms. Jones's testimony is consistent, and she will present expert testimony that the "[low] shelf that tripped Ms. Jones was unreasonably dangerous" because "it protruded into the aisle and walkway of the

store" and was "out of Ms. Jones's vision as she rounded the corner on her way to the check out." [Doc. No. 34, pp. 18].

Ms. Jones argues that this case is more analogous to the Court's previous ruling in *Stewart v. Wal-Mart Louisiana, LLC*, Civ. A. 12-1537, 2013 WL 1838578 (W.D. La. May 1, 2013). There, the plaintiff tripped over a piece of a cardboard box that extended over the edge of a wooden pallet. *Id.* She saw the display on top of the pallet and the pallet itself, but did not see the protruding cardboard a few inches off the ground. *Id.* This Court found that "[a]lthough the pallet and box were open and obvious, it is not clear that the piece of the cardboard box extending over the edge of the pallet was open and obvious." *Id.* Ms. Jones asserts that similar logic applies here: the end cap display may have been open and obvious, but the low shelf, which was six inches off the ground, may not have been open and obvious.

Ms. Jones also compares this case to the Louisiana Third Circuit's *Broussard v. Family Dollar Store*, 2005-645 (La. App. 3 Cir. 12/30/05), 918 So. 2d 1148, which affirmed the trial court's finding of an unreasonably dangerous condition, even though the plaintiff was distracted while walking. Ms. Jones puts emphasis on the trial court's finding that "a shopper's attention is usually directed to merchandise, not the floor… Something on the floor which may cause a shopper to trip and fall when her attention is directed toward her purchase is a hazard." *Id.* at *5. In this case, the same premise would apply: Ms. Jones testified that she was unaware of the low shelf and was focusing on locating a checkout register when she tripped over the low shelf.

Reviewing all of the evidence, the Court finds that there is a genuine issue of material fact of whether the low shelf on the end cap display was open and obvious.

### c. Costs of preventing harm

The third factor of the risk-utility balancing test requires the fact-finder to balance the risk of harm against the cost and feasibility of repair. *Broussard v. Louisiana*, 2013 WL 1363711, *13 (La 2013). Ms. Jones's expert witnesses have offered testimony that Defendants could have modified the low shelf on the end cap display at minimal cost. Thus, this factor weighs in favor of a finding of a genuine dispute of material fact as to unreasonable dangerousness.

### d. Nature of plaintiff's activity in terms of social utility

Finally, the fact-finder must analyze the nature of the plaintiff's activity in terms of its social utility or whether it is dangerous by nature. *Broussard*, 2013 WL 1363711 at *14.

Ms. Jones admits that she was not paying attention to the bottom of the end cap display as she walked through the aisle because her attention was focused on locating a cash register. The Court notes, however, that similar to the second prong, a customer is not expected to keep her eyes on the floor of a store as she walks through, particularly when her attention is focused on locating a cash register. Thus, this factor is in favor of finding a genuine dispute of material fact as to unreasonable danger.

Viewing all of the factors together, the Court finds that there are genuine issues of material fact for trial as to whether the low shelf on the end cap display created an unreasonable risk of harm which was reasonably foreseeable.

### 2. Merchant created or had actual or constructive knowledge

Section 9:2800.6(B)(2) requires that the merchant "either created or had actual or constructive knowledge of the condition which caused the damage, prior to the occurrence."

Defendants argue that there is no evidence of prior accidents involving the low shelf, and that there has been no showing that Defendants suspected that the low shelf was dangerous. However, whether Defendants knew or should have known that the low shelf was dangerous is irrelevant in this case. A plaintiff need not prove actual or constructive knowledge to satisfy § 9:2800.6(B)(2) if the merchant created the condition. *Latter v. Sears Roebuck Co.*, 03-167, 2004 WL 242479 (E.D. La. Feb. 5, 2004). Here, Ms. Jones has presented evidence that Defendants created the condition of the low shelf by the checkout counter.

### 3. Exercise of Reasonable Care

Finally, § 9:2800.6(B)(3) requires a showing that the "merchant failed to exercise reasonable care." Analysis of this element overlaps analysis under §§ 9:2800.6(B)(1) & (2). *See Nunez v. Dolgencorp, LLC*, 12-630, 2013 WL 2458736, *10-11 (W.D. La. June 6, 2013). Dollar Tree's employees may have failed to exercise reasonable care by installing and maintaining a low shelf on an end cap display that protrudes into the walkway.

### C. Louisiana Civil Code arts 2317 and 2317.1

Defendants also move for summary judgment on any claims by Ms. Jones under Louisiana Civil Code articles 2317[1] and 2317.1[2]; however, Defendants merely cite the Civil

---

[1] Louisiana Civil Code article 2317 states:

> We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. This, however, is to be understood with the following modifications.

[2] Louisiana Civil Code article 2317.1 states:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in

Code articles and a few cases, and they fail to adequately address the elements of the claim under the articles.[3] Therefore, Defendants have failed to show that they are entitled to summary judgment.

### III.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 27] is DENIED.

MONROE, LOUISIANA, this 27 day of September, 2013.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

[3] The Court notes that there appears to be a conflict in case law as to whether Ms. Jones can bring claims under § 9:2800.6 and Louisiana Civil Code articles 2317 and 2317.1. *Compare Brown v. Wal-Mart Louisiana LLC.*, Civ. A. 10-1402, 2012 WL 3109785, at *6 (W.D. La. July 27, 2012) ("Once a patron falls on the merchant's premises due to a condition existing in or on the premises, Section 9:2800.6 applies and the Louisiana courts have determined it is 'error' to, also, apply Articles 2317 and 2322.") (citation omitted), *with Thomas v. Caesars Entm't Operating Co., Inc.*, 2012-1202 (La. App. 4 Cir. 1/23/13), 106 So. 3d 1279, 1282 ("Furthermore, Section D of La. R.S. 9:2800.6 preserves a plaintiff's right to a claim pursuant to Civil Code Article 2317.1."). If this matter proceeds, the parties should be prepared to address this issue of law prior to trial.